UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| OIL MOP, LLC | CIVIL ACTION NO. 6:20-cv-01073 |
| VERSUS | JUDGE JUNEAU |
| CHEMICAL SOUTH TRANSPORT, INC. AND GREAT WEST CASUALTY COMPANY | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court is the motion to dismiss, under Fed. R. Civ. P. 12(b)(6), which was filed by the defendant, Great West Casualty Company (Rec. Doc. 7). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be denied and the plaintiff should be allowed to amend its complaint.

## Background

In its complaint, Oil Mop, LLC alleged that there was a traffic accident on I-10 in St. Martin Parish, Louisiana on August 26, 2019 that resulted in a release of chemicals from a truck owned and operated by defendant Chemical South Transport, Inc. Chemical South allegedly contacted Oil Mop within hours of the crash, and Oil

Mop and Chemical South entered into a General Services Agreement ("GSA"). Oil Mop then allegedly responded to the crash site and coordinated remediation, removal, and clean up at the scene of the accident. The next day, Oil Mop was allegedly contacted by a claims adjuster with defendant Great West Casualty Company who advised that Great West had issued an insurance policy covering liability for the costs associated with the spill and clean-up and requested that its adjuster and attorneys be copied on all correspondence regarding the progress of the work and Oil Mop's efforts on behalf of Chemical South. Oil Mop alleged that Great West "expressly and/or tacitly, approved the retention of Oil Mop and the terms and conditions set forth in the GSA." Oil Mop further alleged that Great West "approved, expressly and/or tacitly, all efforts undertaken on their behalf by Oil Mop to respond to the incident." Oil Mop alleged that the total cost its work in connection with this spill was $331,026.24 but further alleged that only $165,733.01 has been paid. Oil Mop now seeks to recover the unpaid portion of the amount owed, asserting claims for breach of contract, open account, and enrichment without cause against both Chemical South and Great West. Oil Mop alleged that Great West "is liable, jointly and *in solido*, with Chemical South for all amounts due to Oil Mop."

Great West responded to the complaint with the instant motion to dismiss, arguing that it is not contractually obligated to Oil Mop, that Louisiana law does not

permit a direct action against an insurer for contractual claims, and that Oil Mop's unjust enrichment claim is precluded by the existence of other available remedies.

## Law and Argument

### A. The Standard for Evaluating a Rule 12(b)(6) Motion

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint states a legally cognizable claim. Rule 12(b)(6) motions are viewed with disfavor and rarely granted.[1] When considering such a motion, the district court must limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3] Conclusory allegations, unwarranted deductions of fact, and legal conclusions couched as factual allegations are not accepted as true.[4]

To survive a Rule 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[5] A claim meets the test for facial

---

[1] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Collins v. Morgan Stanley*, 224 F.3d at 498; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[5] *Hammer v. Equifax Information Services, L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 570).

3

plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[7] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[8]

**B.   Oil Mop Should be Allowed to Amend its Complaint**

In its complaint, Oil Mop alleged that it entered into a written contract with Chemical South, but there is no allegation that it entered into a written contract with Great West. Oil Mop further alleged that the contract obligated Chemical South to pay the entire cost of the work performed by Oil Mop regardless of whether an insurer or other entity agreed to reimburse Chemical South for those costs. Great West relied upon those allegations to argue that it had no contract with Oil Mop and does not owe the disputed sum.

---

[6]   *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678).

[7]   *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[8]   *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. at 556).

But Oil Mop also alleged that Great West approved of Chemical South's retention of Oil Mop, agreed to the terms and conditions set forth in the contract between Oil Mop and Chemical South, approved of the efforts undertaken by Oil Mop pursuant to the contract, and advised Oil Mop that it was liable for the costs associated with the spill and clean-up. While there is no express allegation in the complaint that an oral contract was created, the implication of the other allegations is that Great West agreed to pay for Oil Mop's services. In fact, Oil Mop argued in its briefing that the facts set forth in the complaint together with other additional facts support a conclusion that an oral contract was created between Oil Mop and Great West entitling Oil Mop to pursue its breach of contract and open account claims against Great West. Certainly, Louisiana law does not require all contracts to be in writing.[9] And if a contract was created between Oil Mop and Great West, then Oil Mop might have a plausible breach of contract or open account claim against Great West.

Great West also argued that Oil Mop's complaint failed to state a plausible claim because the claim against Great West was a direct claim against an insurer, which is permissible only when there are tort claims against the insured. It is well settled that Louisiana's Direct Action Statute, La. R.S. 22:1269, is designed to

---

[9] Louisiana Civil Code Article 1927. See, also, *Marino v. Dillard's, Inc.*, 413 F.3d 530, 532-33 (5th Cir. 2005).

facilitate the recovery of damages ex delicto and does not authorize a direct action based solely on a breach of contract.[10] However, if there was a contract between Oil Mop and Great West, then Oil Mop's claims would not be based on Great West's capacity as Chemical South's insurer and would not be precluded under the Direct Action Statute.

In response to Great West's motion to dismiss, Oil Mop requested an opportunity to amend its complaint and support its claims with more factual allegations. Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave to amend a complaint when justice so requires. Therefore, a court generally should not dismiss an action for failure to state a claim without giving the plaintiff at least one chance to amend its complaint.[11] Indeed, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will

---

[10]  *Quinlan v. Liberty Bank and Trust Co.*, 575 So.2d 336, 352 (La. 1990).

[11]  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). See also *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies.").

avoid dismissal."[12] The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.[13]

Although Great West argued that it would be futile to allow Oil Mop to amend its complaint, this Court finds that it would be inequitable to dismiss Oil Mop's complaint without first allowing Oil Mop an opportunity to amend its complaint. Therefore, it is recommended that Oil Mop's motion to dismiss should be denied and Oil Mop should be permitted to file an amended complaint for the purpose of alleging a more detailed factual basis for its claims. It is also recommended that Great West should be afforded an opportunity to file another Rule 12(b)(6) motion to dismiss if necessary or appropriate following the filing of the amended complaint.

### C. The Plaintiff's Unjust Enrichment Claim

Oil Mop asserted three causes of action against both defendants: a claim for breach of contract, an open account claim, and an unjust enrichment claim. A claim for unjust enrichment is governed by Louisiana Civil Code article 2298, which states, in pertinent part:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here

---

[12] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d at 329.

[13] *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

    is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

Thus, a plaintiff seeking to recover for unjust enrichment must establish five elements: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) there must be no other remedy at law available to plaintiff.[14] It is well-established that the absence of an available remedy at law is a threshold requirement, as the unjust enrichment remedy is available only to "fill a gap in the law where no express remedy is provided."[15]

Great West argued that Oil Mop's unjust enrichment claim should be dismissed because Oil Mop has other remedies available to it. Oil Mop argued, however, that its claim for unjust enrichment should survive the motion to dismiss because it has not yet been determined whether a valid contract exists to provide another available remedy, particularly since the unjust enrichment claim was pleaded in the alternative.

As permitted by Federal Rule of Civil Procedure 8(d), Oil Mop expressly pleaded its unjust enrichment claim in the alternative. "[T]he law does not compel

---

[14]    *Baker v. Maclay Prop. Co.*, 648 So.2d 888, 897 (La. 1995).

[15]    *Walters v. MedSouth Record Mgmt., LLC*, 38 So.3d 245, 246 (La. 2010) (quoting *Mouton v. State*, 525 So.2d 1136, 1142 (La.App. 1 Cir. 4/19/88, writ denied, 526 So.2d 1112 (La. 1988)).

'an election of remedies between a contractual theory and an unjust enrichment theory prior to filing a complaint.'"[16] But the merits of the unjust enrichment claim will be reached only if Oil Mop's breach of contract and open account claims are rejected. In other words, for the merits of the unjust enrichment claim to be decided, there must first be a determination that Oil Mop has no other remedy available.[17] Until such a determination is made, however, the validity of the other claims asserted in the complaint are still in question and Oil Mop is entitled to assert its unjust enrichment claim. Indeed, it might ultimately be determined that Oil Mop does not have valid breach of contract or open account claims against Great West but does have a valid unjust enrichment claim. Accordingly, a dismissal of Oil Mop's unjust enrichment claim at this stage of the litigation would be premature and inappropriate.

In its reply brief, Great West argued that Oil Mop failed to show an impoverishment sufficient to state a claim for unjust enrichment against it. This Court ordinarily does not consider arguments raised for the first time in a reply brief

---

[16] *Schott, Trustee for Estate of InforMD, LLC v. Massengale*, No. 18-759-JWD-RLB, 2019 WL 4738795, at *16 (M.D. La. Sept. 27, 2019) (quoting *Prop. One, Inc. v. USAgencies, L.L.C.*, 830 F.Supp. 2d 170, 181 (M.D. La. 2011)).

[17] See *Williams v. Chesapeake Operating, Inc.*, No. 10-1906, 2011 WL 13160764, at *2-4 (W.D. La. Sept. 14, 2011); *Univ. Rehab. Hosp., Inc. v. Int'l Coop. Consultants, Inc.*, No. 05-1827, 2006 WL 2983050, at *5-6 (W.D. La. Oct. 16, 2006) (declining to dismiss an unjust enrichment claim and noting that plaintiffs who assert alternative claims are not asking for two separate recoveries, but a single recovery based on one of the two suggested bases).

because the non-moving party does not have a meaningful opportunity to respond.[18] Accordingly, this argument was not considered.

To the extent that Great West is seeking dismissal of the unjust enrichment claim, it is recommended that its motion to dismiss should be denied.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Great West's motion to dismiss (Rec. Doc. 7) should be DENIED, Oil Mop should be allowed to file an amended complaint, and Great West should be allowed to file another motion to dismiss following its review of the amended complaint if such a motion is necessary and appropriate.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[18] *Gillaspy v. Dallas Independent School Dist.*, 278 Fed. App'x 307, 315 (5th Cir. 2008) (citing *Peteet v. Dow Chem. Co*., 868 F.2d 1428, 1437 (5th Cir. 1989)); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 n. 2 (5th Cir. 2006); *United States v. Jackson*, 50 F.3d 1335, 1340 n. 7 (5th Cir. 1995) ("It is well-settled that, generally, we will not consider issues raised for the first time in a reply brief.").

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Signed at Lafayette, Louisiana, this 23rd day of November 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE